904 F.2d 36
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William KIRBY, Plaintiff-Appellant,
v.
ROBBY LEN SWIMFASHIONS, Defendant-Appellee.
 No. 89-6038.
 United States Court of Appeals, Sixth Circuit.
 June 1, 1990.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and CHARLES W. JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 William Kirby appeals the district court's grant of summary judgment for Robby Len Swimfashions, Inc. in his Title VII and ADEA action for sex and age discrimination.
 
 
 2
 In August 1978, Robby Len, a ladies' swimwear manufacturer headquartered in New York, contracted with Kirby to serve as its commissioned sales representative in Kentucky and Tennessee. Kirby was 57 years old at the time.
 
 
 3
 Prior to his relationship with Robby Len, Kirby had extensive sales and management experience for thirty years, including being a part-owner in a chain of department stores. In 1959, Kirby began work as a manufacturer's representative for Darlene Knitwear in Kentucky and Tennessee. He later became a manufacturer's representative for Tami Sportswear in that same territory. He continued to represent Tami Sportswear until 1979. During the period in which Kirby was associated with Robby Len, he also represented at least ten other manufacturers.
 
 
 4
 During Kirby's association with Robby Len, he travelled throughout Kentucky and Tennessee to promote Robby Len's swimsuits as well as the products of the other manufacturers whom he simultaneously represented. During this period, Kirby was not paid a salary by Robby Len. He received no paid vacation, holiday, sick leave, insurance, pension or other traditional "employment" benefits from Robby Len. Kirby purchased his own samples of Robby Len's products. He paid his own travel and other business expenses, including market and initiation fees to trade shows. He maintained an office at his own expense. Robby Len did not pay social security taxes on Kirby's behalf, nor did it withhold taxes from its payments of commissions earned by Kirby. Kirby's income from his relationship with Robby Len was reported by Robby Len on Form 1099, not Form W-2. While Robby Len routinely sent Kirby and its other marketing representatives "market bulletins" in which the company kept them informed about product lines and credit and order policies, Kirby determined his own hours, target customers, and sales techniques.
 
 
 5
 While Robby Len was pleased with Kirby's initial performance as its manufacturing representative, senior executives at Robby Len began to hear rumors regarding Kirby's lack of professionalism with customers. In 1986, sales in Kirby's territory declined in terms of its percentage of Robby Len's total sales. At a July 1986 sales meeting in New York, Eric Weitz, Robby Len's Vice President of Marketing, informed Kirby that Robby Len was dissatisfied with his production. Yet, 1987 sales in Kirby's territory, as a percentage of Robby Len's total sales, dropped again. Robby Len terminated its relationship with Kirby, incorporating his territory into the territory of Wadene Johnston, another manufacturer's representative for Robby Len. Johnston is a 39 year-old woman who had a good sales record for Robby Len in Alabama and Georgia.
 
 
 6
 In June 1988, Kirby filed an action alleging that Robby Len terminated its business relationship with him because of his age and sex. In February 1989, Robby Len moved for summary judgment on the grounds that "Kirby" was not an employee within the meaning of that term in the Age Discrimination in Employment Act, as amended, 29 U.S.C. Sec. 621 et seq. or Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e et seq., and that there was no genuine issue of material fact about the merits of the claims against Robby Len.
 
 
 7
 The district court, in a well-reasoned opinion from which these facts have been garnered, declined to rule on the motion until Kirby submitted additional evidence regarding his status as an "employee" under Title VII or ADEA. After both parties submitted additional evidence, the district court ruled that there was no genuine issue of material fact on the question of whether Kirby was an "employee" of Robby Len. The district court granted Robby Len's motion for summary judgment on the ground that Kirby was not an employee of Robby Len. The district court did not reach the merits of the case.
 
 
 8
 Kirby contends that the district court improperly granted Robby Len's motion for summary judgment because he produced "substantial evidence" that he was an employee within the meaning of Title VII and the ADEA. We engage in a de novo review of the district court's grant of summary judgment. Berlin v. Michigan Bell Tele. Co., 858 F.2d 1154, 1161 (6th Cir.1988). Hence, we determine, in the light most favorable to the non-moving party, whether any issue of material fact existed in the record below and whether Robby Len was entitled to a summary judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986); Berlin, 858 F.2d at 1161; Hand v. Central Transport, 779 F.2d 8, 10 (6th Cir.1985).
 
 
 9
 Title VII and the ADEA prohibit discrimination against "employees." 42 U.S.C. Sec. 2000e(f); 29 U.S.C. Sec. 631(a). As conceded by Kirby, the definition of "employee" in both statutes is virtually the same. To fall within the concept of an "employee" for the purposes of these acts, this Circuit applies the "economic realities" test. Falls v. Sporting News Publishing Co., 834 F.2d 611, 614 (6th Cir.1987); Armbruster v. Quinn, 711 F.2d 1332, 1340-42 (6th Cir.1983). That test requires the court to look beyond the parties' designation of their relationship and to "examine the economic realities underlying the relationship between the individual and the so-called principal in an effort to determine whether that individual is likely to be susceptible to the discriminatory practices which the act was designed to eliminate." Id. at 1340. The more economically dependent the worker is upon the business to which he renders service, the more likely that worker will be susceptible to discriminatory practices prohibited by the ADEA and Title VII. Cf. Bartels v. Birmingham, 332 U.S. 126, 130 (1947).
 
 
 10
 As pointed out by the district court, under the economic realities test, courts consider several factors, such as the parties' view of their relationship, the hiring and termination methods employed by the alleged employer, whether the alleged employer withholds taxes or pays social security obligations, the extent the worker receives benefits, the opportunities for the worker's advancement, the degree of control by the principal over the worker, the permanency of the relationship, and the respective furnishing of facilities and equipment by either party. None of these factors is dispositive. Hickey v. Arkla Ind., Inc., 699 F.2d 748, 752 (5th Cir.1983). The district court is to look at the totality of the circumstances in applying the economic realities test to an employment question.
 
 
 11
 As demonstrated by the district court's thorough analysis of this question, the record fails to present a genuine issue of material fact on whether Kirby was an employee of Robby Len. On the contrary, the record shows that Kirby was an independent contractor. While Robby Len required orders and paper work to be administered on Robby Len's forms and in conjunction with Robby Len's practices, the infringement of Kirby's discretion in the affairs of his business by these requirements was minimal. Robby Len's order forms and procedures were designed to maintain uniformity in Robby Len's business practices; they were not designed to exert control over Kirby's performance of his business. Kirby kept his own schedules and hours. Kirby was paid solely by commission; any advances he received were draws against his commissions. Robby Len did not withhold taxes from Kirby's earnings, nor did it pay his social security taxes. Importantly, Kirby was the representative of several other clothing companies at the time he worked for Robby Len.
 
 
 12
 Consequently, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation